[L. A. No. 1932.    Department Two.—February 29, 1908.]

## ANAHEIM UNION WATER COMPANY et al., Appellants, v. THEODORE ASHCROFT, IRA ASHCROFT, ANTONIO AROS et al., Respondents.

WATER-RIGHTS—USER OF DITCH BY COTENANTS—DECREE IN PARTITION—EXTENT OF USER ON EACH TRACT.—Where several cotenants who are severally in possession of portions of a rancho, which were subsequently allotted to them in partition, constructed jointly a ditch over the lands of one of them for use on their respective lands, the extent of the easement of each over such lands is to be determined by the extent of their user at the time of the partition decree, unless a prescriptive title to a greater user has been thereafter acquired.

ID.—TITLE BY PRESCRIPTION—PROOF OF ADVERSE USER.—*Held,* that the evidence is insufficient to show that the defendant Aros had acquired a prescriptive title after the partition decree to any greater user on his lands; but that the evidence is sufficient to sustain a finding that the defendants Ashcroft had acquired by adverse user a prescriptive title to irrigate their entire tract.

ID.—EXPRESS DECLARATION OF ADVERSE USER NOT ESSENTIAL—SUFFICIENCY OF PROOF.—In order to support a title to an increase of water by prescription, an express declaration of the adverse user is not essential. It is sufficient that there is satisfactory proof of a continuous, open, notorious, and uninterrupted use of the waters on the lands of said defendants for the statutory period, of such a character as unquestionably to indicate that the use was being exercised in hostility to the right of any person to interfere with its exercise.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Richard Melrose, and E. E. Keech, for Appellants.

Lafayette Gill, for certain Respondents.

G. R. Freeman, for certain Respondents.

LORIGAN, J.—The Santa Ana River flows along and forms the southeasterly boundary of the Rancho el Rincon in Riverside County. In 1870 the defendant Antonio Aros,

one of the parties to this action, and Vicente Fernandez, J. J. Alvarado, and Ynez Yorba de Cota, the predecessors in title of the other parties, were tenants in common of a large portion of said rancho, and severally in possession of particular tracts thereof, which were subsequently allotted to them in partition, and are referred to in this action as the Cota, Fernandez, Alvarado, and Aros tracts. In the year referred to all said cotenants entered upon the said Santa Ana River and jointly constructed a main ditch and diverted water from said stream down across the lands of the Cota tract. From this ditch Fernandez, Alvarado, and Aros severally constructed branches and diverted water upon their several tracts of land. These tracts in possession of Fernandez, Alvarado, and Aros lay upon Chino Creek, which flows southerly through them and constitutes a tributary of said Santa Ana River. The Fernandez tract lay south of the Aros tract and the Alvadaro tract north of it. The Cota tract lay to the east of the lands in possession of these other tenants in common and along the Santa Ana River, and portions thereof were irrigated from such ditch constructed through said land. Portions of the lands of Fernandez, Alvarado, and Aros lying east of the Chino Creek were also irrigated by the use of said ditch and the branches therefrom conducting the waters of said Santa Ana River on to their lands. This use of said water continued until the year 1873, when, by a final decree of partition, the several tracts of land in possession of said cotenants were allotted to each of them in severalty. No mention whatever was made in the partition decree as to the ditch or ditches constructed over the lands, nor was reference made to any water or water-right.

The plaintiffs in this action are the successors in interest of J. J. Alvarado and Ynez Yorba de Cota to the Alvarado and Cota tracts. The defendant Aros is one of the original cotenants, the Aros tract of which he was in possession when the ditch was constructed and the water brought on his land having been allotted to him under the partition decree. The defendants Ashcroft succeeded to the interest of Vicente Fernandez, to whom the Fernandez tract was allotted.

The ditch referred to was variously known as the "Fernandez ditch," the "Durkee and Cota ditch," and the "Durkee

ditch." On the trial it was usually spoken of as the "Dur-kee ditch," and we shall refer to it by that name.

The amended complaint in the action, filed September 10, 1904, alleged the ownership of plaintiffs of their lands, the existence and use of the ditch over them, with branches extending upon the lands of the defendants Ashcroft and Aros; that the Ashcrofts were entitled to use said ditch for the purpose of conveying the waters of the river, in a reasonably prudent manner, for the irrigation of twenty-seven acres of their land, and that the defendant Aros was entitled to use said ditch in like manner for the use of forty acres of the Aros tract; that the Ashcrofts claimed the right to use, and without plaintiffs' consent had used, the ditch and its waters for the irrigation of all their land, and that the defendant Aros claimed the right, and without the consent of plaintiffs had used, the ditch for irrigating eighty acres of his land; that all the defendants intended and threatened to continue such use until they would acquire a right by prescription. The prayer of the complaint was that the defendants should be enjoined from irrigating more land than they were entitled to.

Both defendants answered, taking issue upon the amount of land they were entitled to irrigate from said ditch, the Ashcrofts alleging that they were entitled to irrigate their entire tract of land, and the defendant Aros that he was entitled to irrigate one hundred and twenty acres of the Aros tract. Defendants set up also that they had acquired against the plaintiffs by adverse use for the statutory period the right to water all their said lands, as alleged in their answers.

Findings and judgment were made and entered in favor of the defendants, the court finding that by adverse user the Ashcrofts were entitled to water from said ditch 98.78 acres of their land, and the defendant Aros had acquired, in the same manner, a right to irrigate from said ditch one hundred acres of his said land. The court further found that the defendants were the joint owners of an interest or easement in the premises of the plaintiffs, consisting of a right of way for the water of the ditch across the lands of plaintiffs in its usual carrying capacity, and of the right to conduct across the land of plaintiffs by means of such

ditch, upon the lands of the defendants, such quantities of water as were reasonably necessary to prudently and properly irrigate 98.78 acres of the lands of the Ashcrofts and one hundred acres of the lands of Aros; that said easement or servitude was attached to the several lots of land owned by the defendants, and the defendants were entitled to a decree quieting and establishing their right and title to said easement against the plaintiffs to that extent.

Plaintiffs appeal from the judgment and from an order denying their motion for a new trial, their motion having been based on the insufficiency of the evidence to sustain the findings, and that the decision was against law.

Preliminary to a consideration of the merits of the appeal it may be said that, according to maps used on the trial it appears that the lands of Ashcroft and Aros lay on either side of the Chino Creek, which runs southerly through them; that by far the largest portion of their lands lay to the east of said creek and nearest to the main ditch from the Cota tract constructed by the cotenants jointly, and from which the branches onto these lands to the east side of the creek were originally constructed by the cotenants severally in possession of them.

The entire tract belonging to the defendant Aros involved in this action and lying on either side of said creek contains 144.96 acres; the entire tract of the defendants Ashcroft, similarly located, consists of 98.78 acres. The land of Aros west of the Chino Creek, which he claimed he had the right to irrigate from the Durkee ditch, and which claim the trial court sustained, consists of 15.60 acres; the lands of Ashcroft on that side of said creek, which he also asserted he had the right to irrigate from said Durkee ditch, and which the findings of the court sustained, consisted of several pieces or fields. All the other lands of the defendants which the court found they were entitled to irrigate lay east of said Chino Creek. We refer to the particular situation of the lands of defendant Aros east and west of said creek, because in our opinion the findings of the court relative to them must be treated separately under the evidence as we have examined it.

This brings us to the merits of the appeal, and the contention of appellants thereon may be stated briefly; it is,

that by the decree, in partition there vested in Fernandez and Aros an easement to use the Cota tract now belonging to plaintiffs, over which the Durkee ditch had been constructed and passed, in the same manner and to the same extent only as such property was obviously used for the benefit of their lands at the time they were allotted to them in severalty under such partition decree; that at that time the evidence shows Fernandez was using said Durkee ditch to irrigate, at most, but twenty-seven acres of land on the east side of said Chino Creek, and Aros, eighty acres of his land on the same side, and that no additional enlargement of the easement in favor of any lands of either has been acquired by prescription or otherwise.

The legal proposition asserted by appellants is undoubtedly correct. The cotenants, Cota, Alvarado, Aros, and Fernandez, before the partition, having by the joint construction of the Durkee ditch created an easement in the Cota tract for the benefit of the Aros and Fernandez tracts, such easement passed under the decree of partition, vesting these tracts in Fernandez and Aros, respectively, in severalty as appurtenant thereto. But the extent of the easement in the ditch over the Cota tract, which passed under the decree of partition as appurtenant to the Fernandez and Aros tracts is to be determined as of the time of said partition decree. The Cota tract was only impressed with an easement in favor of the other tracts to the extent that the ditch across it was, at the time of said decree, obviously and permanently used to irrigate lands of said tracts; it attached as an easement appurtenant only to such lands of the tract as had been actually irrigated from it. (Civ. Code, Sec. 1104; *Cave* v. *Crafts,* 53 Cal. 135.) Applying this rule here: As it is quite apparent from the evidence, as contended by appellants, that at the time of the partition decree not more than twenty-seven acres of the Fernandez tract now owned by the Ashcrofts, and not more than eighty acres of the Aros tract, were being irrigated from the Durkee ditch, the easement appurtenant to these tracts extended at the time of the partition decree to those quantities of land only upon which the water was being actually used. If a more extended easement than was appurtenant to these specific quantities of land in the tracts has been created, and be-

come appurtenant to other lands therein, it must have been created, as the court found, by prescription. And this brings us to a consideration of the main point made by appellant, that the evidence does not support the finding of the court that an easement as to such additional lands had been acquired by prescription.

Examining the evidence on this claim of appellants, first, as far as it affects the findings in favor of the defendant Aros. While in the complaint it is alleged that Aros had used the Durkee ditch to irrigate but forty acres of his tract at the time of the partition decree, the appellants now admit that at that date the evidence shows he was actually irrigating eighty acres east of the Chino Creek and concede that a finding of the court of an easement appurtenant to said eighty acres would have been unobjectionable. The finding of the court is a general one as to the acreage in favor of Aros; that he had acquired a prescriptive right to irrigate one hundred acres of his land without mention as to the location of said lands with respect to the Chino Creek. This finding, however, necessarily embraced within the land he was entitled to irrigate from said Durkee ditch the lands owned by him on the west side of the Chino Creek. This tract on the west was estimated by some of the witnesses as containing twenty acres of land which had been irrigated by Aros, and the court must have concluded that it contained that acreage because, as Aros only claimed to have irrigated eighty acres on the east side, in order to warrant the general finding that he was entitled to irrigate one hundred acres of land, the court must have found that he was entitled to irrigate twenty acres on the west side of the creek. It is apparent, however, that the statements of the witnesses that twenty acres on the west side of the creek were irrigated, were but estimates simply, as an actual survey made at the instance of defendants, and the accuracy of which was not questioned on the trial, clearly shows that but 15.60 acres could be or were, irrigated from the line of the originally constructed ditch as it then showed on the ground. This, however, in the view we take of the finding of the court, in as far as it includes any of the land of Aros west of the Chino Creek within the one hundred acres he is entitled to irrigate from said Durkee ditch, is unimportant.

While as we have said the finding is conceded by appellants to be sustained by the evidence as to the eighty acres east of the Chino Creek, it is strenuously contended that it is not sustained by the evidence as to any land included in it to the west, and we are satisfied that their claim in that respect is correct.

The original complaint in the action was filed in August, 1904. It is not claimed that Aros ever used any water from the Durkee ditch to irrigate his land west of the Chino Creek until 1897 or 1898, and the finding in his favor could only be sustained on evidence showing that prior to the commencement of the action he had acquired a right by adverse user of the waters of the ditch for the statutory period of five years. The evidence falls far short of any such showing. It is doubtful whether it was in 1897 or 1898 that he and others undertook to convey the waters of the Durkee ditch to the west side of Chino Creek. But assuming, as we must, in favor of the finding that it was in 1897, it then appears that in that year Daniel Durkee, predecessor in interest of plaintiffs to the Alvarado tract, and John Main, predecessor in title of the Ashcrofts to the Fernandez tract and Francisco Serrano, a tenant of Aros, put a flume across the Chino Creek near the north line of the Alvarado tract (then owned by Durkee) for the purpose of carrying water from the Durkee ditch to the lands of the Alvarado, Aros, and Fernandez tracts on the west side, and a portion of the lands of Aros on that side were irrigated therefrom that year. This flume was not a success and was taken out the next year, and Serrano and the Ashcrofts, who had then purchased from Main, took their portions of the flume and with them constructed another flume across Chino Creek near the boundary line between the Ashcroft and Aros properties. This flume when they undertook to use it, they found was not constructed high enough to convey the waters from the ditch, and the following year they raised the flume and brought the waters across, and Aros irrigated his lands therefrom; this was in 1899. This tract was again irrigated in 1901, and in that year the flume was destroyed by a flood occurring prior to August, 1901, and the tract not thereafter irrigated.

It is quite apparent from this evidence that no right by prescription to the use of the water of the Durkee ditch was acquired for the benefit of the lands of Aros to the west of Chino Creek. A continuous irrigation of this land for five years could not be found from the evidence. Assuming that the first flume above the Alvarado property was put in in January, 1897, which is the earliest date at which any witness places its construction, it was washed out in August, 1901, and never replaced. There were, therefore, not five years between those dates; there were at most something over four. And even during that time a flume had not been so constructed whereby Aros could have brought the water into the Durkee ditch to his land on the west side. Nor, even while the flume was capable of conducting water to the tract, was there a continuous use of it from said ditch for the irrigation of said lands during the period it could have been used. The flume constructed in 1898 was incapable of carrying the water across in that year, and during the period when the water could be carried on the lands its use there did not exceed three years—1897, 1899, and 1901.

From these considerations, while we are satisfied that the evidence sustains the finding of the court and is conceded in favor of Aros as to an easement appurtenant to the eighty acres of his land east of the Chino Creek, it does not sustain the finding as to a similar right in favor of the lands west of Chino Creek.

Now as to the Fernandez tract owned by the defendants Ashcroft. This tract was rented from John Main, heretofore referred to, by the Ashcrofts in 1898, and purchased by them from him in 1899. The evidence showed that from 1898 at least, and up to the commencement of this action, the Ashcrofts had irrigated their entire tract, as found by the court, both east and west of the Chino Creek from the waters of the Durkee ditch. The appellants admit that the evidence was sufficient to support the finding as to the area irrigated and the time for which it was used. Their claim is that the evidence does not sustain the finding that the use was open, notorious, or adverse, or under claim of right, and it is further insisted that the irrigation of said lands was not all had from the Durkee ditch.

As to the claim that there was no evidence of a claim of right to the use of the waters. There was some evidence of an express declaration by the Ashcrofts when using the waters that they were taking them to irrigate all their lands and that they had a right to do so. Appellants, however, question the efficacy of the evidence in that regard. But, assuming there was no express declaration, it was not essential to support a right by prescription that there should be. Satisfactory proof of a continuous, open, notorious, and uninterrupted use of the waters on their lands for the statutory period, and of such a character as to unquestionably indicate that the use was being exercised in hostility to the right of any person to interfere with its exercise, was sufficient proof that they claimed a right to use it. It was not necessary to declare such right any further than their conduct indicated it. And that the evidence shows that they irrigated all their lands continuously through the statutory period of five years from the Durkee ditch, and did so openly, notoriously, and uninterruptedly, and under a claim of right, is so obviously apparent from the evidence, that it would serve no useful purpose to discuss it.

While, as we have said, it is conceded by appellants that the finding of the court as to the area irrigated and the time for which the water was used is supported by the evidence, it is claimed that such irrigation was not entirely had from the Durkee ditch, and that such irrigation from it as was had was not open and notorious. This point is made under the evidence which discloses that for the entire statutory period during which the Ashcrofts were irrigating their land, in addition to the laterals run from the branch Durkee ditch, they also took the water from such branch near the northeast corner of their lands and ran it through a low place between their lands and the lands of Aros, conducting it into the Chino Creek above a dam which they had constructed across said creek. Having impounded the waters there, they then conducted part of them, by a gravity ditch having its intake above the dam, southerly along and across their lands on the east side of Chino Creek, and by means of a pump also pumped the water from said dam into a ditch on the west side of the creek and irrigated their lands situated thereon.

It is insisted by appellants that such taking was not open and notorious, but clandestine. We think not. If the Ashcrofts had constructed a ditch from the main branch ditch to the dam in Chino Creek and conducted the waters thereto, it could not be claimed that such a taking was not open and notorious. That they took the water directly from the branch ditch was entirely obvious. And if the trend of the land therefrom—the swale sloping towards Chino Creek—furnished a natural channel through which the waters could be conducted to the dam in the creek, there was no necessity to construct an artificial one. Nor can it be said that the impounding by the dam of the waters in Chino Creek and their conduct over the lands on the east by means of the ditch therefrom, and their distribution to the lands on the west from the pumping plant, was not equally open and notorious. The contention is, that as the Ashcrofts were riparian owners along both sides of the Chino Creek, their action in pumping and running water from the dam by means of the ditch would only indicate the exercise of a riparian right to the waters of Chino Creek. But, aside from the fact that they were turning the water for all these years from the main branch ditch into the dam during the irrigation season, and were taking water out of it for irrigation purposes, the evidence shows that during the irrigation season there is no water in the Chino Creek which can be utilized for practical irrigation. The evidence shows that all the water which would accumulate in the Chino Creek above the dam during the night, in the irrigation period, could be pumped out in an hour—at the most in an hour and a half; that it would not furnish anywhere near the amount of water plainly used by the Ashcrofts in irrigating their land from the dam during the irrigation season. The Ashcrofts could have done nothing further than was done by them, which would indicate to the plaintiffs that they were asserting a right to use the waters of the Durkee ditch by means of the impounding dam in the Chino Creek. And what was done was sufficiently open, as the court found, to meet the requirement of the statute of proof of that element in establishing a prescriptive right.

There is nothing further in the case requiring discussion.

CLIII Cal.—11

The judgment and order as to the defendants Ashcroft are affirmed with costs. For the reason that the finding of the court that the defendant Aros was entitled to use the water of said Durkee ditch as an easement appurtenant to one hundred acres of his land is not sustained by the evidence, the order denying appellants' motion for a new trial as to him, and his tenant Serrano who is jointly sued with him, is reversed, as is also the judgment in their favor. Appellants to recover their costs.

Henshaw, J, and Sloss J., concurred.